UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.                              CASE NO. 8:15-mc-00002-T-23MAP

JOSEPH A. BELCIK,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is an action to enforce an Internal Revenue Service ("IRS") summons under 26 U.S.C. §§ 7402(b) and 7604(a).  The Court issued an order to show cause why Respondent should not be compelled to comply with the IRS summons on January 12, 2015 (doc. 2).  The Respondent responded by filing a motion to dismiss the action under Fed. R. Civ. P. 12(b) (doc. 5) and a motion to vacate the order to show cause (doc. 6).[1]  He also filed an answer to the petition asserting generally the same affirmative defenses outlined in his motions (doc. 8). After consideration of the parties' briefs and testimony at a hearing held on April 6, 2015, and for the reasons that follow, I recommend the district judge grant the government's petition, enforce the summons, and deny Respondent's motion to dismiss and motion to vacate.

     *A. Background*

      On July 1, 2014, Revenue Agent John Clark issued a summons directing Respondent to appear before him on July 15, 2014, to give testimony and to produce for examination and copying certain books, records, papers, or other data outlined in the summons in aid of his investigation into

---

[1] These matters were referred to me for a report and recommendation pursuant to Local Rule 6.01(c)(11).

Respondent's tax liabilities for the years 2008 through 2013 (doc. 1-2).  Respondent, however, failed to appear and comply with the summons (doc. 1).  As a result, the government filed this petition to enforce the summons (*Id.*).  Respondent then timely moved to dismiss the petition and vacate the magistrate judge's order to show cause.

    *B.  Discussion*

        *1. authority to issue and enforce summons*

The Secretary of the Treasury ("the Secretary") has the authority to issue administrative summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability[.]"  26 U.S.C. § 7602(a).  The Secretary delegated the authority to issue third-party summonses to the IRS, which, in turn, re-delegated that authority to its agents.  *Anderson v. United States*, 236 F. App'x 491, 496 (11th Cir. 2007); *see Mura v. United States*, 765 F.2d 974, 978-79 (11th Cir. 1985); *see also* 26 U.S.C. §§ 7602, 7609, 7801; 26 C.F.R. § 301.7701-9; Internal Revenue Service Delegation Order No. 4 (Rev. 20) 55 Fed. Reg. 7626-01). In furtherance of this purpose, the IRS may summon any person having possession, custody, or care of records or other documents relating to the tax liability of the taxpayer being investigated.  *Id.*  If a respondent does not comply, district courts have jurisdiction to enforce IRS summonses.  26 U.S.C. §§ 7402(b) and 7604(a).  A district judge may refer these matters to the magistrate judge for a report and recommendation.  *See Azis v. United States I.R.S.*, 522 F. App'x 770, 772-73 (11th Cir. 2013); *United States v. Stocklin*, 848 F. Supp. 1521, 1523 (M.D. Fla. 1994) (citing *United States v. First Nat. Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980)).

*2. principles governing enforcement*

To warrant judicial enforcement of the summons, the government has the burden to prove that: (1) the IRS investigation is being conducted for a proper purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the Commissioner has followed the appropriate administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1992).   The government can satisfy its burden by submitting a sworn affidavit of the agent who issued the summons.   *Medlin*, 986 F.2d at 466.   When the Court is satisfied the government has met its burden, the taxpayer has two options: contest that the government has met its burden or demonstrate that enforcement of the summons would constitute an abuse of the court's process. *Id.*

*3.  the government has met its burden under Powell*

In his declaration, Agent Clark declares that he is revenue officer of the IRS and is "conducting an investigation for the determination of the federal income tax liabilities of [Respondent], for the years 2008 through 2013, for which years no individual tax returns were filed." (doc. 1-2, p. 1).  This is a legitimate purpose for issuance of the summons. *See Stoecklin*, 848 F. Supp. at 1521.  The declaration then states that the summons was necessary "to obtain the testimony and to examine the books, papers, records, or other data sought by the summons in order to properly determine the federal income tax liabilities of [Respondent] for the years 2008 through 2013." (doc. 1-2, p. 2).  Thus, the inquiry is relevant to that investigative purpose.  Agent Clark further admitted that the information the IRS seeks is not in its possession and that IRS has exhausted all administrative steps required to issue the summons  (doc. 1-2, p. 2).  Accordingly, the

Court finds the government has satisfied its burden under *Powell*.

### 4. Respondent's arguments

Respondent has failed to rebut the government's showing.  Instead, he asserts several affirmative defenses and argues in his motions to dismiss and motion to vacate that the summons is illegitimate and the Court's ability to enforce the summons against him would constitute an abuse of the Court's process.  Indeed, in sum, he claims (1) the Court has neither personal nor subject matter jurisdiction to enforce the summons, (2) the magistrate judge had no authority to issue the show cause order to enforce the summons, (3) the United States Attorney cannot bring a suit to enforce the summons, and (4) he is entitled to *Miranda* and to assert his Fifth Amendment rights and remain silent.  The Court will discuss each of Respondent's arguments in turn.

### i. personal jurisdiction

Respondent claims that this Court lacks personal jurisdiction over him seemingly because he was not properly served with the IRS summons.  He does not deny an IRS agent served him; rather, he asserts, without citation to authority, that only an officer of the United States may properly serve him with the summons.  That argument is without merit.  Under 26 U.S.C. § 7603(a), an IRS summons is properly "served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person servicing the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons."  26 U.S.C. § 7603(a).  As previously stated , the Secretary can delegate authority to issue third-party summonses to the IRS, which, in turn, can re-delegate that authority to its agents.  *See Anderson*, 236 F. App'x at 496; *La Mura*, 765 F. 2d at 978-79; 26 C.F.R. §§ 301.7602-1(b); 301.7701-9(b); Internal Revenue Service Delegation Order No.

4

4 (Rev. 20) 55 Fed. Reg. 7626-01.

The certificate of service of the summons reveals that Agent Clark personally delivered the summons to Respondent by leaving a copy at his last and usual place of abode in Oldsmar, Florida in Pinellas County, which is undisputedly in the Middle District of Florida. *See* 28 U.S.C. § 89(b). This is sufficient to establish proper service under 26 U.S.C. § 7603(a). *See Azis*, 522 F. App'x at 776 ("The certificate of service provide[s] evidence that Agent []did provide attested copies."); *see also United States v. Bichara*, 826 F.2d 1037, 1039 (providing that section 7603 unambiguously give authorization, which permits the IRS agent to serve a summons by leaving it at the taxpayer's last and usual place of abode). Respondent did not provide any evidence that he did not receive a copy of the summons. Thus, the summons was properly served and the Court has personal jurisdiction. *Id.*

### ii. subject matter jurisdiction

Next, Respondent contends the Court lacks subject matter jurisdiction. Under 26 U.S.C. §§ 7402(b) and 7604(a), however, district courts are specifically vested with jurisdiction to enforce an IRS summons:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. §§ 7402(b); 7604(a); *United States. v. Clark*, 134 S. Ct. 2361, 2364 (2014) ("If a taxpayer does not comply with the summons, the IRS may bring an enforcement action in the district court."). Accordingly, any argument that the Court lacks subject matter jurisdiction to enforce the petition is frivolous.

### iii.  magistrate judge's authority

Respondent maintains the magistrate judge lacked authority to issue an order directing Respondent to show cause as to why the Court should not enforce the petition.  *See* doc. 6.  Usually, that is not so.  In fact, in IRS summons enforcement proceedings, "[a] district court judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and, for certain motions, to submit proposed findings of fact and recommendations to the judge of the court." *Azis*, 522 F. App'x at 772 (citing 28 U.S.C. § 636(b)(1)(B)); *see* Local Rule 6.01(c)(11).  The district judge exercised that prerogative here.  Therefore, this argument is without merit.

### iv. AUSA's authority to bring this lawsuit

Respondent next claims that this lawsuit is invalid because the assistant United States attorney had no authority to bring this action.  He contends that under 26 U.S.C. § 7401, a civil proceeding cannot be commenced without the approval of the Attorney General or his delegate, which did not occur here.  This action, however, was not brought under § 7401; therefore, it does not apply.  There is no requirement for the United States Attorney or his assistants to obtain the Attorney General's approval before filing a lawsuit to enforce an IRS summons.  *See* 26 U.S.C. § 7604(b).

### v.  Fifth Amendment rights

Lastly, Respondent argues that he is entitled to *Miranda* and to assert his Fifth Amendment right to remain silent regarding the questions posed by the summons.  Given that Respondent failed to appear at the administrative proceeding, he must first "appear in response to the summons and assert the Fifth Amendment to each question and document to which he believes it applies; he may

not assert a blanket privilege." *See Stoecklin*, 848 F. Supp. at 1527 (citing *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991)).  Once Respondent appears and asserts these rights, the Court can then determine whether his assertion has merit.  *Id.*[2]

### C. Conclusion

Because I find the government met its obligations under *Powell* as set forth in Agent Clark's affidavit (which Respondent does not dispute), the burden passed to the Respondent to convince the Court that enforcement of the summons would constitute an abuse of the Court's process.  The Respondent's arguments failed to do this.  Accordingly, for all the above reasons, it is

RECOMMENDED:

1.  The government's petition to enforce the internal revenue service summons (doc. 1) be GRANTED;

2.  Respondent's motion to dismiss the petition pursuant to rule 12(b) (doc. 5) be DENIED; and

3.  Respondent's demand to vacate the magistrate's order to show cause (doc. 6) be DENIED.

IT IS SO REPORTED at Tampa, Florida on April 8, 2015.

_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2]  I do not address Respondent's *Miranda* argument because *Miranda* clearly does not apply.

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).