UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA,

    Plaintiff,

v.                                                                                           CASE NO. 8:15-mc-2-T-23MAP

JOSEPH A. BELCIK,

    Defendant.
_____/

**ORDER**

    The United States petitions (Doc. 1) to enforce against Joseph A. Belcik "an Internal Revenue Service summons" issued under 26 U.S.C. § 7402. The magistrate judge directed (Doc. 2) Belcik "to show cause why he should not be compelled to comply with the . . . summons." Belcik moves (Doc. 5) "to dismiss the petition." Also, arguing that "the Magistrate never had jurisdiction **to sign any order**," Belcik moves (Doc. 6) "to vacate the Magistrate[']s order to show cause." The magistrate judge recommends (Doc. 11) granting the petition and denying Belcik's two motions. Belcik moves (Doc. 13) "for the district court Steven D. Merryday to [i]ntervene and discharge this Magistrate."

    Under Section 7604(b), "[w]henever any person summoned under [Section 7602] neglects or refuses to obey such summons," after an attachment against the person and a hearing, a magistrate judge may "make such order . . . to enforce obedience to the requirements of the summons." Also, under 28 U.S.C.

§ 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings . . . and to submit to a [district judge] proposed findings of fact and recommendations for the disposition."

Recognizing Belcik's numerous objections to the magistrate judge's authority to grant or to deny the United States' petition, the magistrate judge, instead of exercising his authority to "enforce obedience to the requirements of the summons," recommends granting the petition:

> [T]he government has [met] the burden to prove that: (1) the IRS investigation is being conducted for a proper purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the Commissioner has followed the appropriate administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57–58 (1964) . . . .

(Doc. 11 at 3)

Belcik's objections (Docs. 12, 13, 14) to the report and recommendation are **OVERRULED**, and the report and recommendation (Doc. 11) is **ADOPTED**. For the reasons stated by the magistrate judge, Belcik's motion (Doc. 5) "to dismiss the petition" and motion (Doc. 6) "to vacate the magistrate[']s order to show cause" are **DENIED**, and the United States' petition (Doc. 1) to enforce "an Internal Revenue Service summons" is **GRANTED**. In accord with the United States' request:

> Respondent [must] appear before Revenue Agent John Clark, or any other designated officer of the Internal Revenue Service, at [a] time and place . . . fixed by Revenue Agent Clark or his designee, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the [July 1, 2014] summons . . . .

- 3 -

(Doc. 1 at 3–4)  Also, Belcik must pay the United States' cost in prosecuting this action.  Belcik's motion (Doc. 13) "for the district court Steven D. Merryday to [i]ntervene and discharge this Magistrate" is **DENIED**.  The clerk is directed to close the case.

    ORDERED in Tampa, Florida, on May 7, 2015.

                                                  STEVEN D. MERRYDAY
                                                  UNITED STATES DISTRICT JUDGE