UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v. CASE NO. 8:15-mc-2-T-23MAP

JOSEPH A. BELCIK,

Respondent.
_______________________________/

**REPORT AND CERTIFICATION**

On July 16, 2015, I issued a Report and Certification recommending to the district judge that the Respondent be found in contempt for failing to comply with this Court's May 7, 2015 order directing him to comply with an IRS summons (doc. 40). Thereafter, however, the Respondent filed a notice informing the Court that on July 22, 2015 he met with the IRS agents in compliance with the May 7, 2015, order and asked the Court to dismiss the action (doc. 41). The government, disputing the Respondent's compliance, requested that the Court conduct an *in camera* hearing to determine the validity of the Respondent's Fifth Amendment assertions invoked in response to the majority of the IRS agent's questions (doc. 46). As a result, the district judge vacated my Report and Certification and remanded this matter to me to conduct an *in camera* hearing. *See* Order, doc. 47. I entered an Order directing the Respondent to appear before the Court on February 25, 2016 at 10:00a.m. for an *in camera* hearing to give the Respondent the opportunity to substantiate his privilege claims and for the Court to evaluate his Fifth Amendment assertions. *See* Order, doc. 49.

Pursuant to the provisions of 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge concerning Respondent's acts and his failure to abide by the

Summons and Court Orders.

*A. Certified Facts*

The government filed a petition to enforce an IRS Summons served upon Respondent Joseph A. Belcik on July 1, 2014 (doc. 1). IRS Revenue Officer John Clark had conducted an investigation into the collection of the individual tax assessments for Respondent for the calendar years 2008, 2009, 2010, 2011, 2012, and 2013 (doc. 1, Clark Declaration, Exh. 1). Clark directed Respondent to give testimony and bring for examination books, papers, records, and other data requested in the Summons before Clark on July 15, 2014, but Respondent failed to appear and comply with the Summons. Subsequently, the government filed its petition seeking judicial enforcement of the July 1, 2014, Summons. I issued an Order to Show Cause setting a hearing for April 6, 2015 (doc. 2). Respondent filed a motion to dismiss the petition (doc. 5) and a motion to vacate my Order to Show Cause (doc. 6), as well as a reply to the government's responses to these motions. In these motions, the Respondent argued that the summons is illegitimate and the Court's ability to enforce the summons against him would constitute an abuse of the Court's process.

During the April 6, 2015, show cause hearing, Respondent failed to meet his burden of disproving one of the four elements outlined in *United States v. Powell*, 379 U.S. 48, 57-58 (1964), or, instead, to convince the Court that enforcement of the Summons would constitute an abuse of the Court's process. Rather, he asserted several affirmative defenses, claiming (1) the Court has neither personal nor subject matter jurisdiction to enforce the summons, (2) the magistrate judge had no authority to issue the show cause order to enforce the summons, (3) the United States Attorney cannot bring a suit to enforce the summons, and (4) he is entitled to *Miranda* and to assert his Fifth Amendment rights and remain silent. Following the hearing, I issued a Report and Recommendation

recommending the Summons be enforced (doc. 11). Following the issuance of my Report and Recommendation, the Respondent filed two written objections to it (docs. 12 and 14), and a motion "for the district court Steven D. Merryday to intervene and discharge the Magistrate" (doc. 13). The district judge adopted my Report and Recommendation in an Order dated May 7, 2015 (doc. 15). In the Order, the district judge overruled the Respondent's objections to the Report and Recommendation (docs. 12 and 14), denied the Respondent's motions to dismiss the petition and to vacate my Order to Show Cause (docs. 5 and 6) for the reasons stated in the Report and Recommendation, denied the Respondent's motion "for the district court Steven D. Merryday to intervene and discharge the Magistrate" (doc. 13), instructed Respondent to pay the government's cost in prosecuting this action, and directed Respondent to appear before Revenue Officer Clark or any other Revenue Officer at the date, time, and place fixed by the Revenue Officer to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the July 1, 2014, Summons (*id.*).

Following entry of the Order enforcing the July 1, 2014, Summons, Revenue Officer Clark and Supervisory Internal Revenue Agent Daniel Itchue personally delivered the Order to Respondent and gave Respondent a letter with a date (May 21, 2015), location (9450 Koger Blvd, Room 206, St. Petersburg, Florida 33702), and time (9:00a.m.), for Respondent to appear before Revenue Officer Clark and Supervisory Agent Itchue and comply with this Court's Order. *See* Declaration of Clark, doc. 28-1; Clark Letter, doc. 28-3. Respondent wrote a letter to Revenue Officer Clark warning him not to "trespass upon his property again," and "challenging his legal authority to demand any paper from [him]." *See* Respondent Letter, doc. 28-3. Respondent failed to appear at the May 21, 2015, meeting with Revenue Officer Clark. Accordingly, Respondent has failed to

comply with the Summons as previously ordered by the Court.

In addition to failing to appear at the meeting with the Revenue Officer, Respondent filed numerous unfounded motions and objections to Court orders in an effort to evade compliance with the Summons and Court orders. During the week of May 14, 2015, Respondent filed three motions with this Court: a motion to withdraw the Order adopting the Report and Recommendation (doc. 16), a motion for Record pursuant to Rule 72 (doc. 17), and a motion to review actions of the Magistrate and Revenue Officer Clark (doc. 20). In an Order dated May 22, 2015, the district judge denied these motions, finding they "repeat arguments that previous orders have rejected" (doc. 21). Respondent filed another specious motion, a motion to demand withdrawal of the district judge's order (doc. 22). Citing *Shivers v. United States*, 427 Fed. Appx. 697 (11th Cir. 2011), the district judge entered an Order on June 1, 2015, denying the motion and warning Respondent that "[t]he filing of another repetitive, groundless motion addressing the same issues and presenting the same arguments will result in a sanction, likely the restrictions authorized in *Shivers*" (doc. 24).[1] That same day, Respondent, filed two more repetitive motions: an objection to the May 22, 2015, Order (doc. 26), a motion to dismiss for lack of jurisdiction (doc. 27), both filed on June 1, 2015. Finding that the Respondent filed the motions prior to receiving the June 1st Order, the district judge denied the motions but did not impose sanctions (doc. 29).

---

[1] In *Shivers*, the Eleventh Circuit stated:

> Injunctive restrictions on filings by abusive litigants are "necessary and prudent' in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions. Therefore, district courts have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts.

*Id.* at 699.

Because Respondent failed to comply with the Court's May 7, 2015, Order, the government moved for issuance of an order to have Respondent show cause why he should not be held in contempt, for a contempt hearing, and for sanctions (doc. 28). I granted the government's motion, directed Respondent to show cause why he should not be sanctioned, and scheduled a hearing (doc. 35). In the meantime, Respondent continued to file repetitive motions and objections to this Court's orders raising arguments this Court has already rejected. Between June 4 and June 11, 2015, the Respondent filed objections to the district judge's June 1, 2015 Order and three responses to the government's motion for issuance of an order to show cause (docs. 32-34). And, on July 6, 2015, Respondent also filed a motion for relief from the Order adopting the Report and Recommendation (doc. 36), and a motion to quash the Order dated June 22, 2015 (doc. 37). At the hearing held on July 8, 2015, Respondent offered no reasonable or justifiable explanation for his noncompliance with the Court's Order or the IRS Summons and did not establish he made any effort to comply with either. Accordingly, I entered a Report and Certification to the district judge recommending that the Respondent be found in contempt for failing to comply with this Court's order (doc. 40).

The Respondent next filed a notice of compliance asserting he complied with this Court's May 7, 2015, by appearing before the IRS agents on July 22, 2015 (doc. 41). The government, however, disputed the Respondent's compliance, and requested that the Court conduct an *in camera* hearing to determine the validity of the Respondent's Fifth Amendment assertions invoked in response to the majority of the IRS agent's questions (doc. 46). As a result, the district judge vacated my Report and Certification (doc. 40) and remanded this matter to me to conduct an *in camera* hearing. I entered an Order on December 18, 2015, directing the Respondent to appear before the Court on February 25, 2016, at 10:00a.m. for an *in camera* hearing to give the Respondent the

opportunity to substantiate his privilege claims and for the Court to evaluate his Fifth Amendment assertions. *See* Order, doc. 49. A Return of Service indicates Revenue Agent John Clark personally served Respondent with a copy of the Court's December 18, 2015, Order commanding his appearance at the *in camera* hearing. Despite being duly noticed to appear before the Court, the Respondent failed to appear in Court on February 25, 2016. *See* Return of Service, doc. 51; Court Minutes, doc. 70.[2]

*B. Discussion*

The Secretary of the Treasury ("the Secretary") has the authority to issue administrative summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability[.]" 26 U.S.C. § 7602(a).[3] In furtherance of this purpose, the IRS may summon any person having possession, custody, or care of records or other documents relating to the tax liability of the taxpayer being investigated. *Id.* The district courts of the United States have the authority to enforce summonses issued by the IRS. *See* 26 U.S.C. §§ 7402(b), 7604. Whenever any person summoned under the applicable provisions neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the

---

2 Noticing the Respondent's absence at the outset of the hearing, I instructed the Court Security Officer to "sound the hall for Mr. Joseph Belcik," the Court Security Officer followed my instructions and subsequently informed me that there was no response in the hall at approximately10:25 a.m.

3 The Secretary delegated the authority to issue third-party summonses to the IRS, which, in turn, re-delegated that authority to its agents. *Anderson v. United States*, 236 Fed. App'x 491, 496 (11th Cir. 2007); *see La Mura v. United States*, 765 F.2d 974, 978-79 (11th Cir. 1985); *see also* 26 U.S.C. §§ 7602, 7609, 7801; *see also* 26 C.F.R. § 301.7701-9.

government may apply to a district court judge for an attachment against the taxpayer as for a contempt. 26 U.S.C. § 7604. If after hearing the application the judge finds the government presented satisfactory proof, the judge has the duty to issue an attachment, directed to the proper officer, for the arrest of such person, and upon his being brought before the judge to proceed to a hearing of the case. *Id.* Upon such hearing, the judge shall have the power to enter an order he or she deems proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons as well as to punish the taxpayer for his default or disobedience. *Id.* The penalties for failure to comply with the summons include a fine of not more than $1,000 or imprisonment not more than 1 year, or both, together with costs of prosecution. 26 U.S.C. §§ 7604(c)(2), 7210.

In this instance, the government requests the Court hold Respondent in civil contempt for violating the Court's May 7, 2015, Order. Specifically, due to Respondent's obstinacy and lack of respect for the respect for the judicial process, the government seeks the Respondent's incarceration to compel his compliance with the Court's Order and the IRS summons. "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings, but, rather, the disobedience to orders of the Judiciary. *Chambers*, 501 U.S. at 44 (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481

U.S. 787, 798 (1987)). Notwithstanding the court's inherent power, 18 U.S.C. § 401 provides that a court of the United States has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority as "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(1) & (3).

A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order. *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. *Id.* at 701. Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order. *Id.* If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

Based on this record, the government met its initial burden by producing the declaration of Revenue Officer Clark and Supervisory Agent Itchue establishing clearly and convincingly that Respondent did not comply with the Court's May 7, 2015, Order enforcing the IRS Summons. *See id*; Declaration of Clark and Itchue (doc. 28-1). Respondent has failed, however, to carry his burden to produce evidence explaining his noncompliance. Indeed, via repetitive motions, objections to Court orders, and correspondence to Revenue Officer Clark, Respondent seeks to evade compliance with the Summons, to dismiss this action due to alleged procedural defects and substantive errors,

and to re-assert arguments already addressed and decided by this Court.

At the hearing held on July 8, 2015, Respondent offered no reasonable or justifiable explanation for his noncompliance with the Court's Order or the IRS Summons and did not establish he made any effort to comply with either. Moreover, Respondent failed to appear in Court on February 25, 2016, for an *in camera* hearing to determine whether he properly invoked his Fifth Amendment privilege on a question-by-question basis when he met with IRS agents on July 22, 2015. While the Fifth Amendment privilege against self-incrimination "protects a person ... against being incriminated by his own compelled testimonial communications," the taxpayer bears the burden of showing such a "substantial and real hazard of self-incrimination" that the Fifth Amendment will excuse his noncompliance with the IRS summons. *See generally U.S. v. Argomaniz*, 925 F.2d 1349 (11th Cir. 1991). The Respondent's failure to appear before me as commanded by the Court's December 18, 2015 Order (doc. 49), is not surprising given the Respondent's recent Court filings and history of contumacious conduct in this action.[4] Due to his failure to appear at the scheduled *in camera* hearing on the Respondent's Fifth Amendment assertions, and his blatant defiance of the Court's order directing him to appear (*see* doc. 62 wherein

---

[4] Since January 21, 2016, the Respondent has filed the following motions:

doc. 53, an objection to and motion to strike the government's filing of transcript;
doc. 54, a notice to district judge of treats made by magistrate judge;
doc. 55, a motion indicating Respondent is entitled to dismissal;
doc. 61, a notice and demand for dismissal,
doc. 62, a notice to Mark Pizzo;
doc. 66, a notice to the district judge of his objections to the Department of Justice's motion to strike;
doc. 67, a notice of objection concerning "law clerk Mark Pizzo's" orders and motion to vacate the orders; and
doc. 68, a notice advising the district judge that the United States Attorney "John Rudy as not a legal clue whats he is doing in this action"

the Respondent says that my order directing him to appear for the hearing (doc. 49) is "absurd and merely harassment;" doc. 67 wherein the Respondent indicates the district judge did not require his re-appearance and he plans to "stands [*sic*] home alone FROM THESE LUNITICS [*sic*]"), I find that the Respondent has waived his right to assert his Fifth Amendment privilege, and recommend that he be held in contempt of Court for failing to comply with the May 7, 2015, Order, and the IRS Summons.

*C. Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Respondent be found in contempt for failing to comply with the Court's May 7, 2015, Order.

2. Respondent be directed to appear for a hearing regarding contempt before United States District Judge Steven D. Merryday.

IT IS SO CERTIFIED AND REPORTED in Tampa, Florida on this 26th day of February, 2016.

Mark A. Pizzo

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from

attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. Steven D. Merryday`
Counsel of Record
Respondent, *Pro Se*