UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 8:15-mc-2-T-23MAP

JOSEPH A. BELCIK,

    Defendant.
_____/

**ORDER**

The United States petitions (Doc. 1) to enforce against Joseph A. Belcik "an Internal Revenue Service summons." Under 26 U.S.C. § 7602, the Internal Revenue Service (IRS) can summon a person liable for "any internal revenue tax" "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of [the] person for any internal revenue tax . . . , or collecting any such liability." Determining that the United States met the burden of proof required for enforcement of the IRS summons,[1] a May 7, 2015 order (Doc. 15) granted the petition, directed Belcik to "pay the United States' cost in prosecuting this action," and directed Belcik to:

---

[1] Under *United States v. Powell*, 379 U.S. 48, 57–58 (1964), the United States has the burden of proving "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *Accord United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008). A report and recommendation (Doc. 11) concluded that the United States met the burden, and after review the May 7, 2015 order adopted the report and recommendation.

> appear before Revenue Agent John Clark, or any other designated officer of the Internal Revenue Service, at a time and place . . . fixed by Revenue Agent Clark or his designee, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the Internal Revenue Service summons . . . .

(quoting Doc. 1 at 3–4)  The order closed the case.

For almost a year, Belcik has avoided compliance with the order and the IRS summons by continuously evading requests for information by the IRS, by continuously defying the authority of the magistrate judge, and by bombarding the court with a series of groundless motions.  After Belcik filed his fourth motion within twenty days of the case's closure, a June 1, 2015 order (Doc. 24) determined that the "sequential motions" were "specious" and "oppressive" and warned Belcik that the "filing of another repetitive, groundless motion addressing the same issues and presenting the same arguments will result in a sanction."  Of the twenty-two papers that Belcik has filed since June 1, 2015, only seven arguably either respond to a motion by the United States or present an objection to a report and recommendation.  The remaining fifteen papers are contumacious violations of the June 1, 2015 order.[2]

---

[2] The fifteen documents are (1) a June 1, 2015 "objection" (Doc. 26), (2) a June 1, 2015 "continued challenge" (Doc. 27), (3) a June 4, 2015 "objection" (Doc. 30), (4) a July 6, 2015 "motion for relief" (Doc. 36), (5) a July 6, 2015 "motion to quash magistrate order" (Doc. 37), (6) a July 31, 2015 "motion to quash magistrate finding" (Doc. 42), (7) a July 31, 2015 "motion to deny [a motion by the United States]" (Doc. 43) filed in addition to three responses to the same motion by the United States, (8) an August 10, 2015 "notice" (Doc. 48), (9) a January 21, 2016 "objection" (Doc. 53), (10) a January 21, 2016 "notice" (Doc. 54), (11) a January 22, 2016 paper (Doc. 55), (12) a February 18, 2016 "notice" (Doc. 61), (13) a February 18, 2016 "notice" (Doc. 62), (14) a February 24, 2016 "notice" (Doc. 68), and (15) a February 26, 2016 "notice" (Doc. 71). Further, Belcik submitted three papers (Docs. 32, 33, 34) in response to the United States' motion (Doc. 28) for a hearing.

The United States moved (Doc. 28) for contempt for Belcik's failure to comply with the May 7, 2015 order and for contempt under Section 7604, which states:

> Whenever any person summoned under [Section 7602] neglects or refuses to obey such summons . . . , the Secretary [of the Treasury or his delegate] may apply to the judge of the district court or to a United States magistrate judge for the district . . . for an attachment against him as for a contempt. It shall be the duty of the judge or magistrate judge to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States magistrate judge shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

The magistrate judge granted (Doc. 35) the motion, held (Doc. 39) a contempt hearing, and concluded, "[Belcik] offered no reasonable or justifiable explanation for his noncompliance with the [May 7, 2015 order and] the IRS Summons and did not establish [that] he made any effort to comply with either." A July 16, 2015 report (Doc. 40) recommends holding Belcik in contempt.

Objecting to the report, Belcik submitted a "notice of compliance" (Doc. 41) explaining that he "met with IRS agents" in compliance with both the May 7, 2015 order and the IRS summons. The United States responded that, although Belcik "met with IRS agents," when asked questions, Belcik "asserted his Fifth Amendment [privilege against self-incrimination] to a majority of those questions," "[i]n essence . . . g[iving] a blanket assertion of his Fifth Amendment" privilege. The United States requested "an *in camera* hearing to determine whether the privilege has been properly asserted on a question[-]by[-]question [basis]." (Doc. 46 at 5–6)

*See United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir. 1991) ("The taxpayer seeking the protection of this privilege to avoid compliance with an IRS summons must provide more than mere speculative, generalized allegations of possible tax-related prosecution. The taxpayer must be faced with substantial and real hazards of self-incrimination."). Accordingly, an order (Doc. 47) vacated the July 16, 2015 report and requested that the magistrate judge determine "the validity of Belcik's assertion of the Fifth Amendment" privilege. Although the magistrate judge held (Doc. 70) a hearing to determine this validity, Belcik failed to appear at the hearing.

A February 26, 2016 report (Doc. 72) states that Belcik's failure to appear "is not surprising given [his] recent Court filings and history of contumacious conduct." The report recommends (1) holding Belcik "in contempt for failing to comply with" the May 7, 2015 order and (2) directing Belcik "to appear for a hearing regarding contempt before" the district judge. (Doc. 72 at 10) The February 26, 2016 report (Doc. 72) is **ADOPTED IN PART**. Belcik is held in contempt both for continually filing repetitive, groundless motions in violation of the June 1, 2015 order and for failing to appear at the latest hearing before the magistrate judge. The parties must appear at a hearing to determine the appropriate sanction and to determine whether Belcik properly asserted his Fifth Amendment privilege in response to the IRS summons. The clerk is directed to re-open the case and to enter a notice of hearing in Courtroom 15A, United States Courthouse, 801 North Florida Avenue,

Tampa, on **MARCH 15, 2016, at 1:30 P.M.**  Either party may move to hold the hearing *in camera* and must state legal reasons supporting the request.  If Belcik again fails to appear, an order will compel Belcik's appearance at a future hearing by "issuing an attachment" for Belcik's arrest in accord with Section 7604.  Belcik's latest motion (Doc. 61) — only one in a string of frivolous filings — is **DENIED**, and the United States' motion to strike this latest motion (Doc. 63) is **DENIED AS MOOT**.

      ORDERED in Tampa, Florida, on March 4, 2016.

_____<br>
STEVEN D. MERRYDAY<br>
UNITED STATES DISTRICT JUDGE